Hubert H. Kuo (Cal Bar No. 204036)
  hkuo@ardentlawgroup.com
David Yu (Cal. Bar No. 276471)
  dyu@ardentlawgroup.com
ARDENT LAW GROUP, P.C.
4340 Von Karman Ave., Suite 290
Newport Beach, CA 92660
Telephone:   (949) 299-0127
Facsimile:    (949) 299-0188

Attorneys for Plaintiffs BIN XU, ON BEHALF
OF X-PLANET LLC; SHENZHEN FAMO
TECHNOLOGY CO., LTD.

# UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| BIN XU, individually and derivatively on behalf of X-PLANET LLC, a Nevada limited liability company; SHENZHEN FAMO TECHNOLOGY CO., LTD, a Chinese company, | Case No. |
| | Assigned for all purposes to: |
| | Judge: Hon. |
| Plaintiff, | **VERIFIED COMPLAINT FOR:** |
| v. | (1) **CONVERSION (DERIVATIVE);** |
| TMD SHOPS LLC, a California limited liability company; YUAN ZHOU, an individual; XIAOYU LI, an individual; and DOES 1-25, inclusive, | (2) **BREACH OF FIDUCIARY DUTIES (DIRECT);** |
| | (3) **BREACH OF FIDUCIARY DUTIES (DERIVATIVE);** |
| Defendants, | (4) **MEMBER'S RIGHT OF INSPECTION & ACCOUNTING (DIRECT);** |
| -and- | (5) **FRAUD – INTENTIONAL MISREPRESENTATIONS (DIRECT);** |
| X-PLANET LLC, a Nevada limited liability company. | (6) **FRAUD – NEGLIGENT MISREPRESENTATIONS (DIRECT);** |
| | (7) **COMMON LAW TRADEMARK INFRINGEMENT;** |
| Nominal Defendant | (8) **DECLARATORY RELIEF;** |
| | (9) **ACCOUNTING (DERIVATIVE).** |
| | **DEMAND FOR JURY TRIAL** |

ARDENT LAW GROUP, PC
4340 Von Karman Ave., Suite 290
Newport Beach, CA 92660
Telephone: (949) 299-0188
Facsimile: (949) 299-0127

1
VERIFIED COMPLAINT

1   Plaintiff BIN XU, individually and derivatively on behalf of defendant X-
2   PLANET LLC, and FAMO TECHNOLOGY CO., LTD., allege and complain as
3   follows:

### NATURE OF THE ACTION

4
5   1.   This is a hybrid case featuring an individual's direct claims and
6   derivative claims seeking to hold those responsible for corporate malfeasance and
7   fraud. This case also consists of a company's right to enforce its common law
8   trademark rights and contract rights against the same individuals who have blatantly
9   ignore all aspects of law and order.

10   2.   This action is not a collusive one to confer jurisdiction that the court
11   would otherwise lack.

### JURISDICTION AND VENUE

12
13   3.   The Court has subject matter jurisdiction pursuant to 28 U.S.C. §
14   1332(a)(2) as there is a diversity of citizenship between the parties and the amount in
15   controversy exceeds $75,000, exclusive of interest and costs.

16   4.   The Court has personal jurisdiction over the defendants because the
17   events or omissions giving rise to the claim occurred, the tortious acts occurred,
18   and/or a substantial part of the injury took place and continues to take place, in this
19   judicial district and some of the defendants maintain a principal place of business in
20   this judicial district or are domiciled in this judicial district.

21   5.   Venue is proper under 28 U.S.C. § 1391 as the underlying acts,
22   omissions, and events giving rise to the claims occurred within or were directed to this
23   district.

### THE PARTIES

24
25   6.   Bin Xu ("XU") is, and at all relevant times herein mentioned, is citizen of
26   China, residing in Shenzhen, China.  XU is a member of defendant X-PLANET LLC
27   and holds a 36% membership interest therein.

28   7.   Plaintiff SHENZHEN FAMO TECHNOLOGY CO., LTD ("FAMO") is,

ARDENT LAW GROUP, PC
4340 Von Karman Ave., Suite 290
Newport Beach, CA 92660
Telephone: (949) 299-0188
Facsimile: (949) 299-0127

2
VERIFIED COMPLAINT

and at all times mentioned was, a company organized and existing under the laws of China, with its principal place of business in Shenzhen, China.

8.    Nominal Defendant X-PLANET LLC[1] ("X-PLANET") is, and at all times mentioned was, a limited liability company organized and existing under the laws of Nevada and registered as a foreign corporation in California, with its principal place of business in San Dimas, California.

9.    Plaintiff XU and FAMO (collectively "Plaintiffs") are informed and believe, and thereon allege, that Defendant Yuan Zhou ("ZHOU") is a naturalized United States citizen, domiciling in Alhambra, County of Los Angeles, California. ZHOU is listed as the manager of X-PLANET pursuant to the California Secretary of State.

10.    Plaintiffs are informed and believe, and thereon allege, that Defendant Xiaoyu Li ("LI") is a naturalized United States citizen domiciling in Alhambra, County of Los Angeles, California.

11.    Plaintiffs are informed and believe, and thereon allege, that Defendant TMD Shops LLC ("TMD") is, and at all times mentioned was, a limited liability company organized and existing under the laws of the State of California, with its principal place of business in San Dimas, County of Los Angeles. ZHOU and LI are members of TMD.

12.    The true names and capacities, whether individual, corporate, associate, or otherwise, of the defendants named herein as DOES 1 through 25 inclusive, are unknown to Plaintiffs who therefore sue said defendants by such fictitious names pursuant to the Code of Civil Procedure § 474.  Plaintiff will amend this Complaint to show their true names and capacities when the same have been ascertained.

13.    Plaintiffs are informed and believe, and thereon allege that at all times

---

[1] The citizenship of nominal and formal parties who have no interest in the suit is disregarded for purposes of determining diversity [Navarro Sav. Ass'n v. Lee (1980) 446 US 458, 460–461, 100 S Ct 1779, 64 L Ed2d 425; Prudential Real Estate Affiliates, Inc. v. PPR Realty, Inc. (9th Cir 2000) 204 F3d 867, 873]. A nominal or formal party has neither an interest in the result of the suit nor an actual interest in or control over the subject matter of the litigation [Prudential Real Estate Affiliates, Inc. v. PPR Realty, Inc. (9th Cir 2000) 204 F3d 867, 873].

ARDENT LAW GROUP, PC
4340 Von Karman Ave., Suite 290
Newport Beach, CA 92660
Telephone: (949) 299-0188
Facsimile: (949) 299-0127

3
VERIFIED COMPLAINT

relevant to this action each of the defendants, including DOES 1 through 25 inclusive, were responsible in some manner for the acts and omissions alleged in this Complaint, and that Plaintiffs' damages, both existing and prospective, are, were, and will be proximately caused by the acts and omissions of the defendants, including DOES 1 through 25 inclusive.

14.     Plaintiffs are informed and believe, and thereon allege that defendants, and each of them, including DOES 1 through 25 inclusive, are and were at all relevant times the agents, servants, employees, partners, joint venturers, subsidiaries, parent corporations, sureties, and successors-in-interest of each of the remaining defendants, and were acting within the course, scope, and purpose of such agency, employment, partnership, joint venture, subsidiary-parent relationship, sureties, and succession with the knowledge, consent, approval, and ratification of the remaining defendants, and each of them.

15.     Plaintiffs are informed and believe, and thereon allege that defendants, and DOES 1 through 25, entered into a conspiracy to defraud Plaintiffs as set forth herein and aided and abetted one another through substantial assistance and encouragement.  As co-conspirators, they are jointly and severally liable to the Plaintiffs.

## **GENERAL ALLEGATIONS**
### **FORMATION OF X-PLANET**

16.     XU is the general manager and majority equity holder of FAMO, a Chinese company which engages in the design, research, development, manufacture, sales and related services of certain nicotine delivery system products bearing the mark VIBEZ (the "Products"). FAMO is the owner of a registered Chinese trademark VIBEZ.  FAMO is comprised of the following equity holder with an ownership stake: XU, Jiarui Xu, Youwang Zhang, and Ru Xu.

17.     In or around January 2019, ZHOU was first introduced to XU in Las Vegas. In or about September 2020, ZHOU went to FAMO's factory located at

ARDENT LAW GROUP, PC
4340 Von Karman Ave., Suite 290
Newport Beach, CA 92660
Telephone: (949) 299-0188
Facsimile: (949) 299-0127

4
VERIFIED COMPLAINT

Shenzhen, China to meet with XU. During the meeting, XU and ZHOU discussed the possibility that FAMO to expand its market by distributing its Products into the United States. ZHOU orally represented to XU that he could help FAMO with distributing the Products into the United States as he has the requisite knowledge and experience from working at a company in the United States that distributes nicotine delivery system products. During the meeting, ZHOU also represented orally to XU that in order to distribute the Products in the U.S., FAMO needed to register a company in the United States. ZHOU further represented orally to XU that in order to register a company in the United States, the registered agent and shareholder must be a US citizen and a Chinese company could not be a direct owner.  ZHOU represented to XU that he was indeed a U.S. citizen.

18.     Due to ZHOU's representation to XU regarding his experience, knowledge and the citizenship requirement, XU agreed to enlist ZHOU's help to set up a distribution company for FAMO, to distribute the Products and help promote the VIBEZ brand.

19.     Consequently, ZHOU formed X-PLANET as a Nevada limited liability company in November 2020. XU and ZHOU agreed that the initial investment to set up X-PLANET would be $200,000.00. FAMO would invest $176,000.00, and ZHOU would invest $24,000.00. The full amount of investment fund was wired into X-PLANET's account. The four equity holders of FAMO, including XU, plus ZHOU, would all be members of X-PLANET and the shares would be allocated as follows: XU 36%, ZHOU 12%, Jiarui Xu 28.4%, Youwang Zhang 17%, and Ru Xu 6.6%. Accordingly, everyone except ZHOU, were equity holders of FAMO and the sole reason that ZHOU would have a membership interest was due to ZHOU's representation regarding the citizenship requirement and his U.S. citizenship. On or about April 13, 2021, ZHOU registered X-PLANET as a foreign limited liability company doing business in California as its principal place of business was indeed in California.

ARDENT LAW GROUP, PC
4340 Von Karman Ave., Suite 290
Newport Beach, CA 92660
Telephone: (949) 299-0188
Facsimile: (949) 299-0127

**THE PRODUCT**

20.     After X-PLANET's organization, X-PLANET started purchasing the Products from FAMO. Pursuant to X-PLANET's agreement with FAMO, FAMO was to be the exclusive and sole manufacturer for the Products. X-PLANET, would be the exclusive distributor of FAMO's Products.  Specifically, the arrangement between FAMO and X-PLANET was that X-PLANET would send purchase orders to FAMO and FAMO would manufacture for X-PLANET in accordance with the purchase orders. The payment terms were supposed to be after the Product were shipped to the United States.  At times, ZHOU would orally request FAMO to supply the Products without the submission of a purchase order.  In conjunction with the above agreement, XU agreed to allow X-PLANET to use the VIBEZ mark in conjunction with the sales and distribution of the Products, as long as X-PLANET honored its obligations to FAMO.

21.     From December 2020 to February, 2022, X-PLANET sold Products in the United States bearing the VIBEZ mark.  During the same period, ZHOU, on behalf of X-PLANET, ordered $5,365,973.60 worth of Products from FAMO. The last order made by ZHOU was around early February 2022, for about 60,000 units of Products. To date, X-PLANET has paid FAMO only $3,003,552.32, leaving a balance of $2,362,421.28.

22.     From December 2020 to February 2022, ZHOU, as the only member of X-PLANET in the United States who ran the day-to-day operations of X-PLANET. Upon information and belief, and based thereon, Plaintiffs allege that X-PLANET sold all of the Products FAMO shipped.  Upon information and belief, and based thereon, Plaintiffs allege that X-PLANET's profit margin for selling the Products was at least 1.5 times the amount that FAMO charged X-PLANET.  Despite selling all the Products ordered for a hefty profit, there has been no distribution of profits whatsoever from X-PLANET to its members. Moreover, despite repeated requests, ZHOU has never provided an accounting or any financial report to its members.

ARDENT LAW GROUP, PC
4340 Von Karman Ave., Suite 290
Newport Beach, CA 92660
Telephone: (949) 299-0188
Facsimile: (949) 299-0127

6
VERIFIED COMPLAINT

23.     Unbeknownst to Plaintiffs, on or about September 1, 2021, ZHOU and LI formed TMD, a separate entity. Upon information and belief, ZHOU and LI created TMD for the purpose of competing with X-PLANET. According to the Statement of Information that TMD filed with the California Secretary of State, the type of business for TMD is "Retail, wholesale of Tobacco product".  Upon information and belief, Plaintiffs allege that ZHOU had converted and misappropriated all revenue belonging to X-PLANET to either himself, Defendant LI, or ZHOU's and LI's separate company TMD.

## ZHOU'S UNILATERAL APPOINTMENT OF HIMSELF AS THE SOLE MANAGER OF X-PLANET

24.     Before the formation of X-PLANET, all prospective members agreed that X-PLANET would be managed by the managers. At the time of X-PLANET's formation on about November 27, 2020, the four equity holders of FAMO, including XU, were appointed as the managers of X-PLANET. ZHOU was appointed as the agent of service of process of X-PLANET. These appointments were duly reflected on the Nevada Secretary of State website.

25.     On or about December 21, 2020, all members of X-PLANET added ZHOU as a manager as well. This addition was duly reflected on the Nevada Secretary of State website.

26.     On or about March 5, 2021, without X-PLANET's members' consent, meeting or approval, ZHOU unilaterally updated the information on the Nevada Secretary of State, and listed himself as the sole manager of X-PLANET. The other members have no knowledge of such action, and never authorized such action.

27.     In addition, at the time before X-PLANET was organized, all five prospective members agreed that ZHOU would prepare and maintain all the books and records of X-PLANET at its principal office and make them available for inspection. Furthermore, ZHOU was to hire an independent CPA to perform all bookkeeping and prepare all the financial statements and reports on a regular basis.  Thereafter, ZHOU

ARDENT LAW GROUP, PC
4340 Von Karman Ave., Suite 290
Newport Beach, CA 92660
Telephone: (949) 299-0188
Facsimile: (949) 299-0127

7
VERIFIED COMPLAINT

was supposed to share the financial reports with all of its members. However, despite repeated requests to do so, ZHOU has not provided any financial disclosures or reports to its members.

## XU'S DEMAND TO ZHOU

28.     In or about February 2022, XU discovered the existence of counterfeit products bearing the VIBEZ mark in U.S. market ("Counterfeit Products). Being the general manager of FAMO, XU was aware of the type of products X-PLANET ordered, thus XU confronted ZHOU regarding the Counterfeit Products.  ZHOU's response was that he did not know about the Counterfeit Products and no such products exist in the U.S. market.  XU then investigated and discovered that a Chinese factory based in Shenzhen was manufacturing the Counterfeit Products. XU again confronted ZHOU regarding the matter regarding where the Counterfeit Products come from, and ZHOU represented that such products were sold by others and not by him. XU then reported this matter to the Chinese authority, which then conducted an investigation and seized a portion of the Counterfeit Products while the products were still in China.  Not surprisingly, after the Counterfeit Products were seized, ZHOU went completely dark and ceased all communications with XU.

29.     ZHOU's disappearance confirmed XU's suspicions.   XU later discovered that although X-PLANET stopped ordering the Products from FAMO, X-PLANET was continuing to sell products in the U.S.  Notably, X-PLANET's website was still active and listed the products bearing the VIBEZ mark on its website for sale. ZHOU, being the only member residing in the United States, has sole control over the website. XU suspects that ZHOU continues to sell the Counterfeit Products on the website.

30.     Due to the above-mentioned misconduct by ZHOU, XU decided to serve a demand letter to ZHOU as X-PLANET's manager hoping that ZHOU could address the allegations. Although XU does not believe that X-PLANET properly appointed ZHOU as the sole manager, as such action was never authorized by the remaining

ARDENT LAW GROUP, PC
4340 Von Karman Ave., Suite 290
Newport Beach, CA 92660
Telephone: (949) 299-0188
Facsimile: (949) 299-0127

8
VERIFIED COMPLAINT

members, based on the publicly available records, ZHOU is the sole manager of X-PLANET. On or about May 5, 2022, XU sent out a demand letter to ZHOU ("Demand") via email, FedEx overnight mail, and WeChat message.

31.     The Demand included requests for ZHOU to: (i) return the revenue from selling the Products to X-PLANET; (ii) provide opportunity for the inspection of X-PLANET's books and records; and (iii) request an investigation as to ZHOU's conduct for self-dealing.

32.     The Demand mandated a response by May 9, 2022, which came and went without any response.

33.     XU also requested that the remaining X-PLANET members act to investigate or remove ZHOU as the manager of X-PLANET, however, thus far, no other member has willing to take such action.

## **THE VIBEZ MARK**

34.     FAMO is the owner of the rights in the mark VIBEZ in connection with the design, research, development, manufacture, sales and related services of nicotine delivery system products, including United States Trademark Applications numbers 97401374 and 97401266, both filed on May 9, 2022, with the first use in anywhere at least as early as December 28, 2020, and first use in commerce in the United States at least as early as January 29, 2021.

35.     FAMO obtained a Chinese registered trademark for the mark VIBEZ relating to similar vaping devices.  The Chinese trademark application was filed on December 28, 2020, and registered on August 14, 2021.

36.     FAMO has continuously used the VIBEZ mark in U.S. commerce in connection with the Products since at least as early as January 29, 2021, and continues to use the VIBEZ mark in the United States in connection with the Products. FAMO's products are manufactured in China, transported into the United States for distribution by through X-PLANET in the United States.  FAMO has not licensed the use of the VIBEZ mark to any other manufacturer.

ARDENT LAW GROUP, PC
4340 Von Karman Ave., Suite 290
Newport Beach, CA 92660
Telephone: (949) 299-0188
Facsimile: (949) 299-0127

9
VERIFIED COMPLAINT

37.     At first, FAMO sold the Products bearing the VIBEZ mark through X-PLANET in early 2021 in the United States.

38.     In or around January 14, 2021, ZHOU, through X-PLANET and authorization of XU and FAMO, filed an intent-to-use trademark application for a mark VIBEZ PWRD BY X PLANET (the "Alternate Mark"), application number 90465767 (the "'767 Application"), with the United States Patent and Trademark Office in connection with electronic cigarettes ("Identified Goods").

39.     In or around early 2022, XU discovered that ZHOU was selling Counterfeit Products bearing the VIBEZ mark, XU and/or FAMO had no knowledge of said products, let alone authorized such products. FAMO is informed an believes, and thereon alleges that ZHOU was using TMD to sell the various Counterfeit Products bearing the VIBEZ mark.  XU also learned that X-PLANET's website continued to actively sell unauthorized products for sale, given the fact that ZHOU stopped ordering the Products from FAMO. All products listed on X-PLANET's website bear the VIBEZ mark, but are Counterfeit Products.  The products sold by TMD and currently being sold on the X-PLANET website were never authorized by FAMO or XU and were not manufactured by FAMO.

40.     FAMO is informed and believes, and thereon alleges that the products sold on the X-PLANET and TMD from January to April 2022 are Counterfeit Products bearing the VIBEZ mark.  Likewise, FAMO is informed and believes, and there on alleges that the Counterfeit Products are also sold by TMD throughout the United States, including in the Southern California region.

41.     FAMO is informed and believes, and thereon alleges that ZHOU does not have any intent to resume the use of the Products manufactured by FAMO.

## ALTER-EGO

42.     Plaintiffs are informed and believe, and based thereon allege that ZHOU, LI, and DOES 1 through 25 are and at all relevant times herein were the owners, members, promoters, founders, managers, directors and officers for TMD. There

ARDENT LAW GROUP, PC
4340 Von Karman Ave., Suite 290
Newport Beach, CA 92660
Telephone: (949) 299-0188
Facsimile: (949) 299-0127

10
VERIFIED COMPLAINT

exists, and at all relevant times herein existed, a unity of interest between ZHOU, LI, and TMD, such that any individuality and separateness between ZHOU, LI and DOES 1 through 25 has ceased, and TMD is the alter ego of ZHOU, LI, and DOES 1 through 25 as follows:

    a.   Plaintiffs allege that TMD is, and at all relevant times herein were, a mere shell and sham, without capital, assets, stock or stockholders. TMD was conceived, intended and used by ZHOU, LI, and DOES 1 through 25 as a device to avoid individual liability and for the purpose of substituting financially insolvent business entities in the place of ZHOU, LI, and DOES 1 through 25. At no time after TMD became established was any membership interests authorized to be issued or issued, nor has any permit for issuance of membership interests been applied.

    b.   Plaintiffs allege that TMD is, and at all relevant times herein was, so inadequately capitalized that, compared with the business to be done TMD and the risks of loss attendant therein, their capitalization was illusory or trifling.

    c.   Plaintiffs allege that TMD, at all relevant times herein was, the alter ego of ZHOU, LI, and DOES 1 through 25 and there exists, and at all times herein relevant has existed, a unity of ownership between ZHOU, LI, and DOES 1 through 25 and TMD such that any separateness has ceased to exist in that ZHOU, LI, and DOES 1 through 25 used the assets of TMD for personal uses, caused assets of TMD to be transferred to them without adequate consideration, and withdrew funds from TMD's bank accounts for their personal use.

    d.   Plaintiffs allege that TMD is, and at all relevant times herein was, a mere shell, instrumentality and conduit through which ZHOU, LI, and DOES 1 through 25 carried on their business in the name of TMD

ARDENT LAW GROUP, PC
4340 Von Karman Ave., Suite 290
Newport Beach, CA 92660
Telephone: (949) 299-0188
Facsimile: (949) 299-0127

11
VERIFIED COMPLAINT

exercising complete control and dominance of the businesses to such an extent that any individuality or separateness of TMD and ZHOU, LI, and DOEW 1 through 25 does not now, and at all relevant times herein did not, exist.

e. Plaintiffs allege that TMD is, and at all relevant times herein was, controlled, dominated, and operated by ZHOU, LI, and DOES 1 through 25 as their individual business and alter ego, in that the activities of the business of TMD was carried out without holding members, directors or managers meetings, no records or minutes of any corporate proceedings were maintained, and ZHOU, LI, and DOES 1 through 25 entered into personal transactions with TMD, without the approval of any members, managers, directors, or officers.

f. Plaintiffs allege that adherence to the fiction that TMD has a separate existence as entities distinct from ZHOU, LI, and DOES 1 through 25 would permit an abuse of the corporate privilege by TMD and would sanction fraud in that ZHOU, LI, and DOES 1 through 25 caused funds to be invested with TMD without any consideration paid to ZHOU, LI, and DOES 1 through 25, all for the purpose of avoiding and preventing attachment and execution by creditors, including Plaintiffs.

## FIRST CLAIM FOR RELIEF

### (By XU, derivatively, for Conversion against ZHOU, LI AND TMD and DOES 1 through 25)

43. Plaintiffs repeat and reallege the contents of paragraphs 1 through 42 above as though set forth herein fully.

44. At all times relevant, X-PLANET has owned, possessed, or had a right to receive and possess its assets, including without limitation, the income or revenue generated from X-PLANET's sales.

ARDENT LAW GROUP, PC
4340 Von Karman Ave., Suite 290
Newport Beach, CA 92660
Telephone: (949) 299-0188
Facsimile: (949) 299-0127

12
VERIFIED COMPLAINT

45.    XU has recently discovered that ZHOU has intentionally and substantially interfered with X-PLANET's property by means of false and fraudulent activity, including, but not limited to, misappropriating X-PLANET's corporate funds for his own personal expenses and/or the expenses of his separate businesses and business partner, namely TMD and LI, respectively, and other corporate theft according to proof. ZHOU engaged in this conduct with the intention of wrongfully benefitting himself at the expense of X-PLANET.

46.    Neither XU nor X-PLANET consented to said activities.

47.    As a direct and proximate result of the foregoing acts, ZHOU intended to cause, and has in fact caused, actual harm to X-PLANET, and is liable to X-PLANET for damages in an amount to be proven at trial.

48.    During, and as a further proximate result of, ZHOU, LI, TMD's wrongful possession and detention of X-PLANET's property, X-PLANET has suffered the loss of the deterioration of its property and resulting business losses in an amount to be proven at trial.

49.    Furthermore, XU is informed and believes, and so alleges, that ZHOU, LI and TMD's aforementioned acts were taken with malice, fraud, and oppression and in conscious disregard for X-PLANET's rights, and were done willfully and with the intent to cause injury to X-PLANET. Plaintiffs are informed and believe, and thereon allege that ZHOU, LI and TMD intended to surreptitiously misappropriate X-PLANET's corporate funds for their own personal use, seeking only to intentionally and maliciously deceive X-PLANET. Accordingly, X-PLANET is entitled to an award of exemplary and punitive damages against ZHOU, LI and TMD.

## SECOND CLAIM FOR RELIEF

**(By XU, individually, for Breach of Fiduciary Duty against ZHOU and DOES 1 through 25)**

50.    Plaintiffs repeat and reallege the contents of paragraphs 1 through 49 above as though set forth herein fully.

ARDENT LAW GROUP, PC
4340 Von Karman Ave., Suite 290
Newport Beach, CA 92660
Telephone: (949) 299-0188
Facsimile: (949) 299-0127

51.     At all times relevant, ZHOU as a manager of X-PLANET, owns fiduciary duties to XU, a member of X-PLANET.  ZHOU has been managing X-PLANET's day-to-day operations since X-PLANET's formation, and ZHOU has been a manager of X-PLANET since December 2020.

52.     ZHOU's  duties to XU include, among other things, (i) to act only in the best interest of X-PLANET's members, to protect the interests of X-PLANET's members, (ii) to refrain from engaging in grossly negligent or reckless conduct, intentional misconduct, or a knowing violation of law, (iii) to discharge his duties to X-PLANET's members and exercise any rights consistently with the obligation of good faith and fair dealing, and (iv) to refrain from doing anything that would injure X-PLANET's members.

53.     ZHOU breached his fiduciary duty to XU by doing, or failing to do, the things alleged above, including, but not limited to: (i) refusing to allow the inspection of X-PLANET's books and records by XU, despite having sole possession, custody, and control over such records and despite XU being fully authorized by applicable law to have such an inspection performed, (ii) depriving XU's rights and economic advantages as a member of X-PLANET, (iii) converting X-PLANET's assets including the revenue generated from the sale of the Products, and (iv) forming a competing business TMD with LI.

54.     As a direct and proximate result of the foregoing acts, ZHOU intended to cause, and has in fact caused, actual harm to XU, and is liable to Plaintiff for damages in an amount to be proven at trial.

55.     Furthermore, XU is informed and believes, and thereon alleges, that ZHOU's aforementioned acts were taken with malice, fraud, and oppression and in conscious disregard of XU's rights, and were done willfully and with the intent to cause injury to XU. Accordingly, XU is entitled to an award of exemplary and punitive damages against ZHOU.

///

ARDENT LAW GROUP, PC
4340 Von Karman Ave., Suite 290
Newport Beach, CA 92660
Telephone: (949) 299-0188
Facsimile: (949) 299-0127

14
VERIFIED COMPLAINT

**THIRD CLAIM FOR RELIEF**

**(By XU, derivatively, for Breach of Fiduciary Duty against ZHOU and DOES 1 through 25)**

56.     Plaintiffs repeat and realleges the content of paragraphs 1 through 55 above as though set forth herein fully.

57.     At all times relevant, ZHOU owed fiduciary duties to X-PLANET as a manager of X-PLANET.

58.     This duty to X-PLANET includes, among other things, (i) to act only in the best interest of X-PLANET, to protect the interests of X-PLANET, (ii) to refrain from engaging in grossly negligent or reckless conduct, intentional misconduct, or a knowing violation of law, (iii) to discharge his duties to X-PLANET and exercise any rights consistently with the obligation of good faith and fair dealing, and (iv) to refrain from doing anything that would injure X-PLANET.

59.     ZHOU breached his fiduciary duty to X-PLANET by doing, or failing to do, the things alleged above, including, but not limited to converting the income or revenue from X-PLANET's sales to his separate businesses and by forming TMD, a competing business with LI.

60.     As a direct and proximate result of the foregoing acts, ZHOU intended to cause, and has in fact caused, actual harm to X-PLANET, and is liable to X-PLANET for damages in an amount to be proven at trial.

61.     Furthermore, Plaintiffs are informed and believe, and thereon allege, that ZHOU's aforementioned acts were taken with malice, fraud, and oppression and in conscious disregard of X-PLANET's rights, and were done willfully and with the intent to cause injury to X-PLANET. Accordingly, X-PLANET is entitled to an award of exemplary and punitive damages against ZHOU.

///

///

///

ARDENT LAW GROUP, PC
4340 Von Karman Ave., Suite 290
Newport Beach, CA 92660
Telephone: (949) 299-0188
Facsimile: (949) 299-0127

15
VERIFIED COMPLAINT

**FOURTH CLAIM FOR RELIEF**

**(By XU, directly, XU's Right of Inspection & Accounting against ZHOU and DOES 1 through 25)**

62.     Plaintiffs repeat and reallege the contents of paragraphs 1 through 61 above as though set forth herein fully.

63.     ZHOU, as a manager of X-PLANET and the sole person who has been managing X-PLANET's day-to-day operations, caused X-PLANET selling $5,365,973.60 worth of Products in the United States, and is in the sole control of all of X-PLANET's accounts, books, and records.

64.     A member's right to inspect a limited liability company's books is necessary and proper for the protection of the member's interest. A member's right to inspect the limited liability company's accounts, books, records and meeting minutes, and numerous other corporate records are warranted by law.

65.     As alleged above, ZHOU has rebuffed and refused every one of XU's multiple attempts to arrange for an inspection and accounting of X-PLANET's corporate records.

66.     As alleged above, the income or revenue from X-PLANET's sales cannot be ascertained without an inspection and accounting, the means of which are within the knowledge of ZHOU. An inspection and accounting are also necessary in order to properly determine XU's economic rights and interests as well as to determine the extent of ZHOU's fraud, mismanagement, and the extent of the injury thereby caused to XU and X-PLANET.

67.     As such, XU and X-PLANET is entitled to an inspection of X-PLANET's corporate records and an accounting of all financial activities, conduct, information relative to the affairs of X-PLANET.

///

///

///

ARDENT LAW GROUP, PC
4340 Von Karman Ave., Suite 290
Newport Beach, CA 92660
Telephone: (949) 299-0188
Facsimile: (949) 299-0127

16
VERIFIED COMPLAINT

**FIFTH CLAIM FOR RELIEF**

**(By XU, individually, for Fraud – Intentional Misrepresentation against ZHOU and DOES 1 through 25)**

68.     Plaintiffs repeat and reallege the contents of paragraphs 1 through 67 above as though set forth herein fully.

69.     In or about January 2019, in Las Vegas, Nevada, ZHOU represented orally to XU that he would be able to help Plaintiff to distribute the Products into the United States. ZHOU further represented to XU that he had the requisite knowledge and experience as he was working at a company in the United States that distributes nicotine delivery system products.

70.     In or about March, 2020, at FAMO's factory located at Shenzhen, China, ZHOU represented orally to XU that in order to distribute the Product in the United States, FAMO needed to register a company in United States. ZHOU further represented orally to XU that in order to register a company in the United States, the registered agent and owner must be a U.S. citizen and that a Chinese company could not having direct ownership of a U.S. company.  ZHOU represented to XU that he was indeed a US citizen.

71.     The representations made by ZHOU with respect to an owner must be a U.S. citizen and that a Chinese company cannot not have direct ownership interest in a U.S. company are false.

72.     ZHOU made the false representations knowing them to be false. The representations made by ZHOU were material, and XU would have acted differently had ZHOU not made the false representations.

73.     ZHOU made the false representations with the intent to induce XU to include ZHOU as a shareholder or member of the United States company to distribute the Products into the United States. ZHOU's false representations did in fact induce XU to include ZHOU as a member of X-PLANET, which financially benefitted ZHOU.

ARDENT LAW GROUP, PC
4340 Von Karman Ave., Suite 290
Newport Beach, CA 92660
Telephone: (949) 299-0188
Facsimile: (949) 299-0127

17
VERIFIED COMPLAINT

74. XU had a right to rely on ZHOU's representations, acted in reasonable reliance on these representations, and in ignorance of their falsity, included ZHOU as a member of X-PLANET. Had XU known the true facts, XU would not have included ZHOU as a member of X-PLANET.

75. As a direct and proximate result of the foregoing acts, ZHOU intended to cause, and have in fact caused, actual harm to XU, and is liable to XU for damages in an amount to be proven at trial.

76. Furthermore, XU is informed and believes, and thereon alleges, that ZHOU's aforementioned acts were taken with malice, fraud, and oppression and in conscious disregard for XU's rights, and were done willfully and with the intent to cause injury to XU. Accordingly, XU is entitled to an award of exemplary and punitive damages against ZHOU.

**SIXTH CLAIM FOR RELIEF**

**(By XU, individually, for Fraud – Negligent Misrepresentations against ZHOU and DOES 1 through 25)**

77. Plaintiffs repeat and reallege the contents of paragraphs 1 through 76 above as though set forth herein fully.

78. In or about January 2019, in Las Vegas, Nevada, ZHOU represented orally to XU that he would be able to help Plaintiff to distribute the Product into the United States. ZHOU further represented to XU that he had the requisite knowledge and experience as he was working at a company in the United States that distributes nicotine delivery system products.

79. In or about March, 2020, at FAMO's factory located at Shenzhen, China, ZHOU represented orally to XU that in order to distribute the Product in the United States, FAMO needed to register a company in United States. ZHOU further represented orally to XU that in order to register a company in the United States, the registered agent and shareholder must be a U.S. citizen.  ZHOU represented to XU that he was indeed a US citizen.

ARDENT LAW GROUP, PC
4340 Von Karman Ave., Suite 290
Newport Beach, CA 92660
Telephone: (949) 299-0188
Facsimile: (949) 299-0127

18
VERIFIED COMPLAINT

80. The representations made by ZHOU with respect to a shareholder must be a U.S. citizen is false.

81. ZHOU made the false representations knowing them to be false. The representations made by ZHOU were material, and XU would have acted differently had ZHOU not made the false representations.

82. ZHOU made the false representations with the intent to induce XU to include ZHOU as a shareholder or member of the United States company to distribute the Product into the United States. ZHOU's false representations did in fact induce XU to include ZHOU as a member of X-PLANET, which financially benefitted ZHOU.

83. XU had a right to rely on ZHOU's representations, acted in reasonable reliance on these representations, and in ignorance of their falsity, included ZHOU as a member of X-PLANET. Had XU known the true facts, XU would not have included ZHOU as a member of X-PLANET.

84. As a direct and proximate result of the foregoing acts, ZHOU intended to cause, and have in fact caused, actual harm to XU, and is liable to XU for damages in an amount to be proven at trial.

**SEVENTH CLAIM FOR RELIEF**

**(By FAMO for Common Law Trademark Infringement Against ZHOU, LI, TMDand DOES 1 through 25)**

85. Plaintiffs repeat and reallege the contents of paragraphs 1 through 84 above as though set forth herein fully.

86. FAMO is the owner of the VIBEZ mark. In January of 2021, FAMO began using the VIBEZ mark in relation to the Products, in the Southern California region, as well as, other areas in the United States. Many of FAMO's products were sold through X-PLANET'S website.

ARDENT LAW GROUP, PC
4340 Von Karman Ave., Suite 290
Newport Beach, CA 92660
Telephone: (949) 299-0188
Facsimile: (949) 299-0127

19
VERIFIED COMPLAINT

87.     FAMO's limited license to X-PLANET to use the VIBEZ mark was contingent upon X-PLANET's continue use of FAMO as its exclusive supplier of the Products.

88.     FAMO is informed and believes, and thereon alleges that in or around late 2021, ZHOU began contracting with a third party Chinese company to manufacture unauthorized and counterfeit products with the VIBEZ mark.

89.     Subsequently, in early 2022, ZHOU began selling unauthorized and counterfeit products featuring the VIBEZ marks through X-PLANET's and TMD website.  ZHOU also used TMD to sell Counterfeit Products directly through its own stores.  The Counterfeit Products were also sold in the Southern California and other areas within the United States in which FAMO's Products were also sold.

90.     As a result of FAMO's prior rights, in the nature of earlier use dates in anywhere and the same use date in commerce in the United States of the VIBEZ mark, and any potential use of the Alternate Mark is likely to cause confusion, mistake or deception with respect to the source and origin of goods offered by FAMO and goods offered by ZHOU under their respective marks, and confusion as to sponsorship, affiliation or relation between FAMO and the Counterfeit Products sold by ZHOU.

91.     If ZHOU is permitted to continue to use the VIBEZ or Alternate Mark, despite the likelihood of confusion, FAMO's rights in and to its VIBEZ mark in connection with the Products will be impaired and FAMO will be damaged.

92.     FAMO is and will continue to be damaged by the continued registration of the Alternate Mark as an obstacle to registration of FAMO's pending application for the mark VIBEZ and future applications for related marks.

93.     Accordingly, the '767 Application is void ab initio. Continued registration of the Alternate Mark will impinge on FAMO's lawful right to adopt and use its own VIBEZ mark, and prevent FAMO from obtaining federal registrations of said mark and related marks.

ARDENT LAW GROUP, PC
4340 Von Karman Ave., Suite 290
Newport Beach, CA 92660
Telephone: (949) 299-0188
Facsimile: (949) 299-0127

20
VERIFIED COMPLAINT

94.     The actions of ZHOU described above and including, without limitation, his knowledge, participation, and inducement of the unauthorized use of the VIBEZ mark on the Counterfeit Product, and confusingly similar variations thereof, in commerce to advertise, market, and allegedly sell the Counterfeit Products throughout the United States and California, constitute contributory trademark infringement in violation of the common law of the State of California.

95.     The actions of ZHOU, if not enjoined, will continue. FAMO has suffered and continues to suffer damages in an amount to be proven at trial consisting of, among other things, diminution in the value of the goodwill associated with FAMO's VIBEZ mark, and injury to FAMO's business.

96.     Furthermore, FAMO is informed and believes, and thereon alleges, that ZHOU's aforementioned acts were taken with malice, fraud, and oppression and in conscious disregard for FAMO's rights, and were done willfully and with the intent to cause injury to FAMO. Accordingly, FAMO is entitled to an award of exemplary and punitive damages against ZHOU in accordance to state common law.

## EIGHTH CLAIM FOR RELIEF

**(By XU, derivative, for Declaratory Relief against ZHOU and DOES 1 through 25)**

97.     Plaintiffs repeat and reallege the contents of paragraphs 1 through 96 above as though set forth herein fully.

98.     An actual and current controversy has arisen and now exists between XU, on the one hand, and ZHOU, on the other hand, concerning who is the manager of X-PLANET.

99.     XU contends that ZHOU's unilateral listing of himself as the sole manager on the Nevada Secretary of State was without any consent, meeting, authorization or approval by any other members of X-PLANET.

ARDENT LAW GROUP, PC
4340 Von Karman Ave., Suite 290
Newport Beach, CA 92660
Telephone: (949) 299-0188
Facsimile: (949) 299-0127

21
VERIFIED COMPLAINT

100.    XU, on behalf of X-PLANET, seeks a declaration of this Court that (i) ZHOU's unilateral appointment on or about March 5, 2021 was void, (ii) ZHOU's manager position to be removed from X-PLANET, (iii) any conduct or action taken by ZHOU on behalf of X-PLANET is voidable, and (iv) XU will be appointed as the new manager of X-PLANET.

101.    XU is informed and believes, and thereon alleges, that ZHOU will contend, in all respects, to the contrary.

102.    A judicial declaration is necessary and appropriate at this time so that the parties may act in conformity with their respective rights and obligations, and avoid a multiplicity of actions.

## NINTH CLAIM FOR RELIEF

**(By XU, derivatively, for Accounting against ZHOU and DOES 1 through 25)**

103.    Plaintiffs repeat and reallege the contents of paragraphs 1 through 102 above as though set forth herein fully.

104.    A relationship exists between X-PLANET and ZHOU in which the relationship requires an accounting.

105.    As alleged above, ZHOU ran the day-to-day operations of X-PLANET, and X-PLANET sold all the Products FAMO shipped to X-PLANET. ZHOU has never provided an accounting or any financial report to X-PLANET's members, including XU. X-PLANET's financials cannot be ascertained without an accounting, the means of which are within the sole knowledge of ZHOU.

106.    As such, XU, on behalf of X-PLANET, is entitled to an accounting of all financial activities, conduct, information relative to the affairs of X-PLANET.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray for judgment against Defendants, and each of them, jointly and severally, as follows:

1.    For compensatory damages in an amount to be proven at trial;

2.    For special damages, in an amount to be proven at trial;

ARDENT LAW GROUP, PC
4340 Von Karman Ave., Suite 290
Newport Beach, CA 92660
Telephone: (949) 299-0188
Facsimile: (949) 299-0127

22
VERIFIED COMPLAINT

3.   For expectation, consequential and incidental damages in an amount to be proven at trial;

4.   For prejudgment interest at the highest allowable legal rate;

5.   For this Court to issue an Order granting XU full access to all of X-PLANET's corporate records, documents, accounts and other records;

6.   For attorneys' fees and costs of suit as allowed by statute or permitted by law;

7.   For punitive damages arising from ZHOU's intentional torts;

8.   For a declaration that (i) the mark VIBEZ belongs to FAMO, (ii) the 767 Application, if it goes through successfully, will belong to FAMO;

9.   For a declaration that (i) ZHOU's unilateral appointment on or about March 5, 2021 was void, (ii) ZHOU's manager position to be removed from X-PLANET, and (iii) XU will be appointed as the sole manager of X-PLANET;

10.  For such other relief as the Court may deem just and proper.

Dated: June 13, 2022                                    ARDENT LAW GROUP, P.C.


                                           By:   /s/ Hubert Kuo
                                                 Hubert H. Kuo
                                                 David Yu
                                                 Attorneys for Plaintiffs BIN XU,
                                                 individually and derivatively on
                                                 behalf of X-PLANET LLC, and
                                                 SHENZHEN FAMO
                                                 TECHNOLOGY CO., LTD.

ARDENT LAW GROUP, PC
4340 Von Karman Ave., Suite 290
Newport Beach, CA 92660
Telephone: (949) 299-0188
Facsimile: (949) 299-0127

23
VERIFIED COMPLAINT

**VERIFICATION**

I, Bin Xu, declare as follows:

1. I am a Plaintiff in the present case and a resident of the People's Republic of China. I am a member, officer, and have an ownership stake in Plaintiff X-Planet, LLC ("X-Planet"). I am also a member, officer, and have an ownership stake in Plaintiff Shenzhen Famo Technology Co., Ltd ("SFTC"). I am over the age of eighteen.

2. I have personal knowledge of myself, my activities, and my intentions, including those set out in the foregoing *Verified Complaint*, and if called on to testify I would competently testify as to the matters stated herein.

3. I have personal knowledge of X-Planet and SFTC, their activities, and their intentions, including those set out in the foregoing Verified Complaint, and if called on to testify I would competently testify as to the matter stated herein.

4. I declare under penalty of perjury under the laws of the United States of America that the foregoing statements of the *Verified Complaint* are true and correct.

Executed on June __13__, 2022, at ___Los Angeles___, ___California___.


_____

Bin Xu

ARDENT LAW GROUP, PC
4340 Von Karman Ave., Suite 290
Newport Beach, CA 92660
Telephone: (949) 299-0188
Facsimile: (949) 299-0127